HAWTHORNE, Justice.
The Louisiana State Bar Association, appearing through its Committee on Professional Ethics and Grievances, filed a petition in this court for disbarment of Grady C. Durham, a member of the bar of this state, because of unethical practices and specific acts of unprofessional conduct. After answer was filed by respondent, this court acting within its authority appointed Bernhardt C. Heebe, a practicing attorney of more than 10 years’ experience, as commissioner to take evidence and to report to this court his findings of fact and conclusions of law. Respondent Durham was represented by counsel of his own choice at the hearing before the commissioner, the same attorney who had filed the answer.
After the hearing held in New Orleans on April 12, 1965, the commissioner reported his findings to this court and his conclusions that certain charges made against respondent Durham had been proved and that his guilt was established, and recommended “that Grady C. Durham be disbarred from practice of law in the State of Louisiana until further decrees of this Honorable Court and that in the event the said Grady C. Durham make restitution to all of the parties aggrieved by his conduct and proper proof thereof be furnished that due consideration be given him for any petition filed for reinstatement”.
The commissioner filed his report in this court on January 28, 1966. Section 9, Article 13, of the Articles of Incorporation of the Louisiana State Bar Association requires the commissioner appointed by this court in cases of this kind to report to this court his findings of fact and conclusions of law, and provides that “The parties shall have twenty days from the time of the filing of the report to file exceptions thereto, and if no exceptions are, within that pe *369 riod, filed by either party, the report shall stand confirmed”. The matter was set for hearing in this court on April 1, 1966, and Durham received timely notice that the matter was so fixed. No exception has been filed to the report.
Inasmuch as the respondent did not file any exception to the commissioner’s report, the commissioner’s findings of fact and conclusions of law insofar as Durham is conferned have become final as to the charges of which he was found to be guilty. Louisiana State Bar Association v. Woods, 243 La. 94, 141 So.2d 828; Louisiana State Bar Association v. Wheeler, 243 La. 618, 145 So.2d 774; Louisiana State Bar Association v. Yoder, 243 La. 909, 148 So.2d 597.
The charges found to have been proved against Durham are as follows:
Specification 1. As attorney for the Succession of Philip Hess, respondent received $8500.00 from the administrator of the succession, commingled these funds with his own, and refused to account for or distribute them to the lawful parties.
Specification 2. As attorney for the administrator of the Succession of Fred Kleinpetcr, respondent received certain funds belonging to the estate. Upon the death of the administrator respondent failed to account for and turn over these funds to the new administrator even when so ordered by the court.
Specification 3. As attorney and notary to handle a purchase under the Bulk Sales Act, respondent received funds which were to be distributed to creditors. This he failed to do.
Specification 4. As attorney for Frank S. Tamor, respondent received several thousand dollars which represented a settlement for Tamor and which included his own fee. Respondent commingled these funds with his own, converted them to his own use, and has failed to account for or distribute them to his client except to issue to the client his worthless check.
Specification 5. Eugene Dooling turned over to respondent, his attorney, his files, accounts receivable, and funds to pay certain creditors. Respondent commingled these funds with his own and failed to account for them.
Specification 7.* Respondent was paid for handling the Succession of Elizabeth Abel Faunce. Pie failed to render the service for which he was engaged, to communicate with his client, or to pay court costs from the funds, which he commingled with his own and converted to his own use.
At the hearing before the commissioner the respondent Durham offered no evidence to deny or refute the charges of professional misconduct, and our review of the evidence adduced convinces us that it *371 fully supports the finding that Durham was guilty of . the six charges set out above. Accordingly his willful violation of rules governing professional ethics was of sufficient gravity to evidence a lack of moral fitness for the practice of law.
It is ordered that the name of the respondent Grady C. Durham be stricken from the roll of attorneys and his license to practice law in Louisiana be, and it is-hereby, cancelled; respondent is to bear all costs of these proceedings.

 Specification 6 was considered by the commissioner as not having been proved.