218 So.2d 610

**LOUISIANA STATE BAR ASSOCIATION**

v.

**Donald S. KLEIN.**

No. 48883.

Jan. 20, 1969.

Walter G. Arnette, Jennings, A. K. Goff, Jr., Rushton, Pat W. Browne, Sr., New Orleans, A. Leon Hebert, Baton Rouge, James H. Drury, Thomas O. Collins, Jr., New Orleans, for petitioner.

Donald S. Klein, in pro. per.

## DISBARMENT PROCEEDING

SANDERS, Justice.

The Louisiana State Bar Association, through its Committee on Professional Ethics and Grievances, brought this disbarment proceeding against Donald S. Klein, an attorney practicing in this state. The petition sets forth ten specifications of professional misconduct.

After issue had been joined, the Court appointed a Commissioner to take the evidence and report to the Court his findings of fact and conclusions of law. The Commissioner found nine of the specifications of misconduct to be adequately supported by the evidence. He recommended that respondent be suspended from law practice for a period of five years.

The respondent filed no exception to the Commissioner's report. Hence, the findings of fact became final. Art. 13, Sect. 9, Articles of Incorporation, Louisiana State Bar Association; Louisiana State Bar Association v. Haylon, 250 La. 651, 198 So.2d 391; Louisiana State Bar Association v. Woods, 243 La. 94, 141 So.

2d 828; Louisiana State Bar Association v. Yoder, 243 La. 909, 148 So.2d 597; Louisiana State Bar Association v. Wheeler, 243 La. 618, 145 So.2d 774, cert. denied 373 U.S. 933, 83 S.Ct. 1537, 10 L.Ed.2d 690.

For the purpose of taking appropriate disciplinary action, we summarize the major findings of misconduct.

In 1964, while representing one Manuel Vargas, respondent received a settlement in the sum of $600.00, of which his client was admittedly entitled to $184.00. Instead of remitting the money to his client, he used it for his own purposes. In 1966, after the intervention of the Committee on Professional Ethics and Grievances, he accounted to his client.

In 1964, the respondent received $200.00 from Dr. W. C. Booker to be used for a bond. A bond became unnecessary. The respondent commingled his client's funds with his own and converted them to his own use. On February 5, 1965, respondent issued his check to Dr. Booker as reimbursement, but the bank returned the check marked "insufficient funds." After the intervention of the Committee, respondent made restitution to his client on December 14, 1965.

On March 19, 1965, respondent represented a purchaser in an act of sale to be passed before Louis B. Graham, Notary Public. Although he had received funds from his client for the purchase, he con-

verted these funds to his own use. His checks for the purchase price and closing costs in the sum of $1000.00 and $250.95 were returned unpaid because of insufficient funds in the bank. On February 2, 1966, after the intervention of the Committee and the institution of legal action against him, he accounted to the Notary Public.

In 1964, Percy Shelton, Jr., retained respondent to file a bankruptcy proceeding for him and paid him $250.00 for this purpose. Defendant failed to either perform the services or return the money to his client for a period of about two years. He filed the bankruptcy proceeding on October 14, 1966, after receiving notice of the formal hearing before the Committee.

In November, 1964, Henry L. Gamble retained respondent to defend a damage suit. On or about March 2, 1965, the respondent obtained from his client the sum of $1000.00 for a compromise settlement. Respondent used these funds for his own purposes. The respondent made restitution in July, 1966, after his client retained another attorney to take legal action against him.

The remaining specifications are similar and involve either a misuse of his client's funds or the failure to perform legal services for which he had received payment.

The respondent appeared in this Court to plead for a suspension from

practice rather than disbarment. We have carefully considered his plea. The primary objective of disciplinary action is to protect the courts and the public. No greater penalty should be imposed than that which is required to accomplish this purpose. In Re Craven, 204 La. 486, 15 So.2d 861.

 Because of their professional status, attorneys must adhere to a high standard of conduct in relations with their clients. The conversion of a client's funds to personal use is one of the most serious violations of an attorney's obligation.

As noted by the Commissioner, the record reflects a pattern of unprofessional conduct extending over a period of several years. We find no extenuating circumstances. Although respondent has made restitution in most of the cases in which he misused his client's funds, he did so only after the intervention of the Committee on Professional Ethics or after threat of legal action. We conclude that disbarment is the only appropriate disposition. See Louisiana State Bar Association v. Haylon, supra; Louisiana State Bar Association v. Powell, 250 La. 313, 195 So.2d 280; Louisiana State Bar Association v. Van Buskirk, 249 La. 781, 191 So.2d 497; Louisiana State Bar Association v. Durham, 249 La. 366, 186 So.2d 623; Louisiana State Bar Association v. Mayeux, 249 La. 7, 184 So.2d 537; and Louisiana State Bar Association v. Wheeler, supra.

For the reasons assigned, it is ordered that the name of Donald S. Klein be stricken from the roll of attorneys, and his license to practice law in Louisiana is hereby cancelled. All costs of this proceeding are assessed against respondent.