DISCIPLINARY PROCEEDING
WATSON, Justice.
This is a disciplinary proceeding against Otis Romaine Russell brought by the Louisiana State Bar Association through its Committee on Professional Responsibility. The Supreme Court of Louisiana has original jurisdiction in disciplinary proceedings by the Louisiana State Bar Association against one of its members. Art. V, Section 5(B), Louisiana Constitution of 1974.
Attorney Russell was convicted on June 4, 1975, of violating 18 U.S.C. § 371 by conspiring with others to obstruct justice in the United States District Court for the Middle District of Louisiana by corruptly influencing witness Richard Baker to give false testimony. The Louisiana State Bar Association held a hearing on March 26, 1976, at which it was determined that Russell’s crime was a felony and a serious offense reflecting upon his moral fitness to practice law. Russell was suspended from the practice of law in Louisiana on July 24, 1976. A petition was filed by the Louisiana State Bar Association for his disbarment and a Commissioner was appointed to take evidence on the matter. At that hearing on November 21, 1979, Russell admitted his guilt and “bizarre behavior” (Hearing Tr., p. 12) but testified that he had recovered from the mental illness which had produced that behavior. He is also an uncontrolled diabetic. Both before and after his conviction Russell was hospitalized for treatment of mental illness. He was in the psychiatric division of Touro Infirmary from October 6 to October 11, 1973; the Southeast Louisiana State Hospital in Mandeville from October 11 to December 4, 1973; an out-patient at the Veterans Administration Hospital in Alexandria, Louisiana, from December 29, 1975, through July 28, 1976, and an in-patient from the latter date until August 27, 1976. Because of the nature of his illness, Russell was transferred to the Veterans Administration Hospital in Knoxville, Iowa, on August 31, 1976. That hospital was described as a specialized one for mental treatment of veterans from all over the nation. He remained there until May 20, 1977, when he became an out-patient with a weekly appointment which continued through January 9,1979. During his prison term, Russell was in the psychiatric ward for six months and was released in March of 1978. He was released on probation conditioned on continued psychiatric treatment. His probation in the State of Iowa ends on November 10, 1980. Russell’s out-patient treatment in Knoxville was by Dr. W. Dan Joslyn, a clinical psychologist. According to Dr. Joslyn, Russell has problems with “dys-social personality and temporal lobe dys-rhythmia”, which were treated with “psy-chopharmacology, psychotherapy” and a change of environment. (Exhibit R-5) Commencing in May of 1977, Russell worked as a short order cook, clerk and cleaning man in Des Moines, Iowa, at the Adventureland Hotel before and after his prison term. On January 9, 1979, he became a hearing officer for Job Service of Iowa, a position he has held since that time. The position requires a law degree and deals with unemployment cases. The position is analogous to that of an appeals referee in Louisiana. Russell is still being treated with Lithium and Dilantin and sees a psychologist once a month, but is func *790 tioning well as a hearing officer and has a stable home life with a wife and step-son.
After the hearing, the Commissioner recommended that he be disbarred and that the disbarment be effective on a prospective rather than retroactive date. There is no question that the crime of which Russell was convicted, the subornation of a witness, is a serious one which is directly connected with the practice of law and warrants disbarment. As pointed out in Louisiana State Bar Association v. Thierry, 366 So.2d 1305 (La., 1978), inducing a violation of the oath of a witness undermines the American justice system and is particularly reprehensible in a member of the bar. However, the Commissioner has not produced any convincing reason for the disbarment to be prospective and it is therefore ordered that the date of disbarment be retroactive to the date when Russell was suspended from the practice of law in the State of Louisiana, July 24,1976. Louisiana State Bar Association v. Thierry, supra.
For the reasons assigned,
IT IS ORDERED, ADJUDGED AND DECREED that the name of Otis Romaine Russell, respondent herein, be stricken from the roll of attorneys and his license to practice law in the State of Louisiana be revoked effective July 24, 1976. Respondent is to bear all costs of this proceeding.