427 So.2d 1144 (1983)
LOUISIANA STATE BAR ASSOCIATION
v.
Arthur G. THOMPSON.
No. 81-B-2006.
Supreme Court of Louisiana.
February 4, 1983.
Rehearing Denied April 4, 1983.[*]
Tom Collins, Richard Deas, New Orleans, for plaintiff-relator.
Arthur G. Thompson, Shreveport, pro se.
WATSON, Justice.
This is a disciplinary proceeding brought by the Louisiana State Bar Association against one of its members, Arthur G. Thompson.
There were three investigatory hearings held by the Committee on Professional Responsibility of the Bar Association. At the first hearing, two charges against Thompson were proven, to-wit:
(1) He was retained by Robert Turner in August of 1975 to conclude the succession of Elease Turner Davis on a one-third contingency basis but neglected to conclude the succession proceedings; and
(2) He was retained by Elzada Goodman on July 12, 1977, to probate the will of Pearline Johnson and was paid a retainer of $325 but failed to handle the succession or perform any work in connection with it.
Mr. Turner and Ms. Goodman testified about these complaints, and Thompson admitted the substance of their testimony. He allegedly had a "mental block" (Hearing, July 30, 1980, Tr. 70) about the two matters. Thompson said he had a good reputation and had behaved reputably and responsibly in other facets of his legal career. He acknowledged that he had not replied to the Committee's correspondence and attributed this to another "mental block". (Hearing, July 30, 1980, Tr. 77)
At the second hearing on December 15, 1980, Thompson failed to appear. Willie Ann Morman testified that she retained Thompson to obtain a divorce for her and paid him a fee of $500 but he failed to file the suit and neglected to keep appointments with her. Thompson's secretary refunded $250 after Morman complained to the Bar Association.
At the third hearing, on October 6, 1981, Ola Delores Carter Riley testified that she retained Thompson to represent her in a suit against the Reverend J.W. Jefferson and paid Thompson a $500 retainer on April 28, 1981. Thompson failed to take any action, communicate with her or refund her money. Thompson testified that he had written to his client's psychologist, had talked to Judge Sawyer's office and had tried to call the Reverend. He admitted that he had never filed any proceedings or written any letters, and had not responded to the Bar Association's letters. He has not refunded the $500 retainer. Several other complaints against Thompson were also considered at this hearing.
A Commissioner then held a hearing but Thompson failed to appear. The Commissioner reports that Thompson is guilty of four charges, to-wit:
"COMPLAINT NUMBER 1: (Dated June 26, 1980)
"1. SPECIFICATION NO. 1  COMMITTEE FILE NO. 5392

*1145 "In connection with the above-numbered Committee file, it is alleged:
"That you were retained by Robert Turner to conclude the succession of Mrs. Elease Turner Davis. Despite repeated requests by Mr. Turner, you have failed, refused, and neglected to conclude said succession proceedings.
"Further, you did assure the Committee on Professional Responsibility your intention to conclude the stated succession. Despite said repeated assurances to the Committee on Professional Responsibility and to Robert Turner, you have failed, refused, and neglected to complete the succession to the detriment of your client, all in violation of Disciplinary Rules 1-102 and 6-101(A)3.
"COMPLAINT NUMBER 2: (Dated June 26, 1980)
"2. SPECIFICATION NO. 3  COMMITTEE FILE NO. 5922
"In connection with the above-numbered Committee file, it is alleged that:
"You were retained by Ms. Elzada Goodman in July of 1977 to conclude the succession of her aunt, Pearline Johnson. That you were paid the sum of $325.00 by Ms. Goodman to conclude the aforesaid succession and that despite repeated requests by Ms. Goodman, you have failed, refused, and neglected to conclude the succession or perform any work therein. That you have failed, refused, and neglected to communicate with your client and have failed to do work contracted for, all in violation of Disciplinary Rule 1-102 and 6-101(A)3 of the Code of Professional Responsibility of the Louisiana State Bar Association.
"COMPLAINT NUMBER 3: (Dated November 24, 1980)
"3. SPECIFICATION NO. 1  COMMITTEE FILE NO. 6426
"In connection with the above-numbered Committee file, it is alleged:
"That you were retained by Ms. Willie Ann Morman on January 30, 1980 to obtain a divorce on her behalf. That you were paid a fee of $500 for your legal fee in this matter.
"That, despite repeated requests you have failed, refused and neglected to perform the work contracted for and that you have failed, refused and neglected to communicate with your client, all in violation of Disciplinary Rule 1-102 and 6-101(A)3 of the Code of Professional Responsibility of the Louisiana State Bar Association.
"COMPLAINT NUMBER 4: (Dated September 16, 1981)
"4. SPECIFICATION NO. 1  COMMITTEE FILE NO. 6545
"In connection with the above-numbered Committee file, it is alleged:
"That you were retained by Ms. Ola Delores Riley in April of 1981 to file suit against Reverend J.W. Jackson. You were paid a fee by Ms. Riley in the sum of $500.00 and, despite repeated requests, you have failed, refused and neglected to perform the work requested. You have done little or no work for the fee paid and have refused to reimburse Ms. Riley the fee paid all in violation of Disciplinary Rule 1-102 and 6-101(A)(3) of the Code of Professional Responsibility for the Louisiana State Bar Association." Commissioner's Report, pp. 3-5.
There is no question that Thompson is guilty of all four counts of misconduct. The Commissioner concluded that Thompson's conduct is prejudicial to the administration of justice and reflects on his ability to practice law.
Thompson has not made restitution and has given no evidence of mitigating circumstances. He has failed to cooperate with the Shreveport Bar Association Ethics Committee, the Louisiana State Bar Association Committee, and the Commissioner. He has not filed a brief or made any appearance in this court.
The Commissioner recommends a suspension from the practice of law for a period of one year or until complete reimbursement of the funds advanced by the clients, whichever shall be later. The Committee on Professional Responsibility of the Louisiana State Bar Association concurs in the Commissioner's recommendation.
*1146 Thompson's misconduct was directly connected with the practice of law. Since his lack of cooperation indicates he has no intention of reforming his conduct, a lengthy suspension is the appropriate penalty. In addition, before he is allowed to resume the practice of law, respondent will be required to present satisfactory evidence to the Committee on Professional Responsibility of the Bar Association that he has made restitution to the parties from whom he accepted fees in Complaints Two, Three and Four.
IT IS THEREFORE ORDERED that Arthur G. Thompson be suspended from the practice of law in the State of Louisiana for a period of two years, at the conclusion of which, upon a showing that full restitution has been made, petitioner may resume the practice of law. All costs of these proceedings are to be taxed against respondent.
NOTES
[*] Marcus, Watson and Lemmon, JJ., would grant a rehearing.