441 So.2d 734 (1983)
LOUISIANA STATE BAR ASSOCIATION
v.
Tommy K. CRYER.
No. 82-B-2937.
Supreme Court of Louisiana.
November 28, 1983.
Thomas O. Collins, Jr., Richard A. Deas, Wood Brown, III, New Orleans, Robert J. Boudreau, Lake Charles, Sam J. D'Amico, Baton Rouge, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Pee, Metairie, Roland J. Achee, Shreveport, Gerard F. Thomas, Jr., Natchitoches, for relator.
Tommy K. Cryer, pro se, Thomas A. Wilson, Shreveport, for respondent.
WATSON, Justice.
This is a disciplinary proceeding brought by the Louisiana State Bar Association through its Committee on Professional Responsibility against a member of the bar, Tommy K. Cryer.
*735 The Committee on Professional Responsibility [1] held an investigatory hearing on August 23,1982, to consider the allegation that Cryer had neglected a legal matter entrusted to him. Following that hearing, a petition for disciplinary action was filed by the LSBA and Commissioner Stuart D. Lunn was appointed to conduct a fact-finding hearing.
Mount Sinai Missionary Baptist Church of Shreveport, Louisiana, was referred to attorney Cryer by People's Mortgage and Loan, Inc., in connection with the church's purchase of three lots in Shreveport. Cryer was paid a fee of eight hundred to a thousand dollars to incorporate the church, search the title of the three lots, handle the purchase, and close the loan. The articles of incorporation of the church were filed in the office of the Louisiana Secretary of State on November 7, 1977. The deed to the three lots, dated October 26, 1977, was not recorded until December 9, 1981. As a result of Cryer's neglect, the church was required to pay ad valorem taxes of $1,215.14 for 1978 through 1981. Had the deed been timely recorded, the church would have been exempt from ad valorem taxes during that period.
Cryer was first contacted by members of the church about his failure to record the deed in October of 1979, but he took no corrective action for two years. Shortly after the petition for disciplinary action was filed, Cryer reimbursed the church for its loss by a check dated January 3, 1983.
The commissioner concluded that Cryer had violated Disciplinary Rules 1-102[2] and 6-101(a)(3)[3] of the Code of Professional Responsibility, Louisiana State Bar Association, by failing to timely record the deed and make good the church's loss at an earlier date.
Attorney Cryer was born in September of 1949, and had just had his twenty-eighth birthday when he handled the transaction for the Mount Sinai Church. He graduated from L.S.U. Law School with honors as a member of Order of the Coif, took a job with a Shreveport firm, and then opened his own office. He lost his father on October 7, 1979, approximately the time he was first advised of his oversight in not recording the church's deed. In the interim period, from October of 1979 through December of 1981, he was on the brink of an emotional breakdown and also in severe financial straits.
According to Cryer, he had an exaggerated emotional reaction to the sudden, unexpected loss of his father at a young age and "associated this particular piece of embarrassment with that, and I believe that that is the only reason that that file was singled out. When I picked it up, I had to put it right back down, and like I said, I picked the file up totally, not less than two hundred times." (Tr., Investigatory Hearing, p. 38) Each time, Cryer thought:
"I'll take it next time, and basically, it was a failure on my part to confront a piece of embarrassment that I associated with a problem, a serious problem." (Tr., Investigatory Hearing, p. 35)
Cryer's failure to pay the church's damages at an earlier date was attributed to insolvency. He had entered into the private practice of law without adequate funds or business. Neglecting to record the deed after notice of his initial failure was the result of a "chemical imbalance" and "depression" (Tr., Commissioner's Hearing, p. 37). That delay, an isolated act of misconduct, was admittedly irrational. After medical treatment for his depressive state in December of 1982 and January of 1983, Mr. Cryer had a complete change in attitude and ability to function.
*736 According to Cryer's testimony he has been denied a promising job opportunity, suffered remorse and lost public reputation and esteem because of these proceedings.
The commissioner stated that Cryer did not benefit from his course of action, but recommended suspension from the practice of law for a period of three months. Because the commissioner noted some further legal work which was needed in connection with the church's purchase, Cryer recorded three corrective documents the following day.
The Louisiana State Bar Association, through its Committee on Professional Responsibility, concurs in the commissioner's findings of fact and conclusions of law, but recommends a period of suspension of at least six months. The Committee contends that Cryer's testimony about his emotional problems was unsubstantiated by his physician, who did not appear at either hearing. While this is correct, Cryer's sworn testimony is also unrebutted. According to the commissioner's factual findings, it was "apparent that Respondent was suffering from emotional problems characterized by him as depression during the period. His actions were not reasonable actions." (Commissioner's Report, p. 9)
Since Cryer's neglect involved such a simple act, and he realized no benefit from his nonfeasance, his behavior is inexplicable on any rational ground. The commissioner correctly found that it must have resulted from some emotional problem. Although not timely made available to the committee, a report by psychiatrist Charles W. Armistead corroborates Cryer's testimony and sheds some light on his otherwise inexplicable behavior:[4]
"It is my opinion that prior to his treatment in December 1982, Mr. Cryer unknowingly suffered from a depressive illness dating back at least to 1979 and very likely further.
"Depressive illness is now regarded by psychiatrists as most often a biological imbalance treated primarily with anti-depressant medications and an illness with protean manifestations often unrecognized by family, friends or the individual himself. It is therefore a primary cause of behavioral problems rather than secondary to environmental causes as was formerly believed. When depression is lifted by appropriate treatment, the negative behavioral aspects disappear as well.
"Mr. Cryer's failure to record the deed after it came to his notice and the continuing failure to record the deed when it obviously had nothing but negative consequences is explainable as a typical aspect of depressive behavior. Mr. Cryer's description during his testimony at the investigative hearing of picking up the file and putting it back down, resolving each time to record the deed the next time is typical of a depressive condition and consistent with the diagnoses. Likewise his description of himself after treatment, noted in the Commissioner's Hearing, is equally consistent with recovery from this condition." (Respondent's Brief, Exhibit B, pp. 1-2)
Dr. Armistead concluded that: recurrence of the depressive condition is unlikely; Cryer functioned unusually well considering the duration and depth of his depressive condition; Cryer has demonstrated remorse for his conduct; and no benefit could be realized from additional punitive action.
The committee has called attention to other disciplinary cases: Louisiana State Bar Association v. Van Buskirk, 249 La. 781, 191 So.2d 497 (1966) involved conversion of client's funds. Louisiana State Bar Association v. Jacques, 260 La. 803, 257 So.2d 413 (1972) involved conversion of client's funds, other acts of misconduct, and an attorney against whom thirty-seven complaints had been lodged. In Louisiana State Bar Association v. Thompson, 427 So.2d 1144 (La., 1983) an attorney was suspended *737 for two years where he was guilty of four counts of misconduct. Thompson had not made restitution, gave no evidence of mitigating circumstances, failed to cooperate with the investigation, failed to appear at two of the three hearings held in connection with his malpractice, and did not make a court appearance personally or by brief. Louisiana State Bar Association v. Bubert, 421 So.2d 831 (La., 1982), involved an attorney who had allowed a client's tort claim to prescribe and was suspended from the practice of law for one year. In Louisiana State Bar Association v. Causey, 393 So.2d 88 (La., 1981), an attorney was suspended for ninety days because he neglected a legal matter entrusted to him. However, Causey accepted an excessive fee; his client remained in jail for eight and one-half months while the attorney procrastinated and there was apparently no excuse for the failure to act.
The penalty imposed in disciplinary proceedings should protect the courts and the public. Louisiana State Bar Association v. Klein, 253 La. 603, 218 So.2d 610 (1969); In re Craven, 204 La. 486, 15 So.2d 861 (1943). Attorney discipline is protective rather than punitive. It deters future misconduct by an appropriate penalty. Louisiana State Bar Association v. Summers, 379 So.2d 1065 (La., 1980); Louisiana State Bar Association v. Jones, 372 So.2d 1186 (La., 1979).
Because the problems which caused attorney Cryer's single act of client neglect have now been cured, his suspension would serve no purpose. It would not have a salutary effect on other members of the bar or the integrity of the courts. Louisiana State Bar Association v. Kramer, 420 So.2d 1110 (La., 1982); Louisiana State Bar Association v. Edwards, 387 So.2d 1137 (La., 1980); Louisiana State Bar Association v. Mundy, 423 So.2d 1126 (La., 1982).
In Louisiana State Bar Ass'n v. Rivette, 368 So.2d 1045 (La., 1979) an attorney was reprimanded for intentionally failing to perform services for which he had been paid. Cryer's inaction was not intentional; it resulted from illness. Thus, it is doubtful that willful violation of a disciplinary rule reflecting upon Cryer's moral fitness to practice law has been established. Louisiana State Bar Association v. Causey, 440 So.2d 125 (La., 1983). The only appropriate sanction is a public reprimand for Cryer's violation of the Code of Professional Responsibility. See Louisiana State Bar Association v. Mundy, supra.

DECREE
For the reasons assigned,
IT IS ORDERED, ADJUDGED AND DECREED that Tommy K. Cryer be publicly reprimanded for his violation of the Code of Professional Responsibility. All costs are assessed to respondent, Tommy K. Cryer.
NOTES
[1] Roland J. Achee, member of the Committee, has recused himself in this matter.
[2] Rule 1-102 of the Code of Professional Responsibility provides:

"A. A lawyer shall not:
* * * * * *
"(6) Engage in any ... conduct that adversely reflects on his fitness to practice law."
[3] Rule 6-101(A)(3) of the Code of Professional Responsibility provides:

"(A) A lawyer shall not:
* * * * * *
"(3) Neglect a legal matter entrusted to him."
[4] Dr. Armistead is a member of the Louisiana State Bar Association and also a well known, board certified psychiatrist. The Committee on Professional Responsibility, Louisiana State Bar Association, does not oppose consideration of his report.