444 So.2d 613 (1984)
LOUISIANA STATE BAR ASSOCIATION
v.
Gregory M. POROBIL.
No. 82-B-2025.
Supreme Court of Louisiana.
January 16, 1984.
Thomas O. Collins, Jr., Richard A. Deas, Wood Brown, III, New Orleans, Robert J. Boudreau, Lake Charles, Sam J. D'Amico, Baton Rouge, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Pee, *614 Metairie, Roland J. Achee, Shreveport, Gerard F. Thomas, Jr., Natchitoches, for relator.
Louis B. Porterie, Gretna, for respondent.
LEMMON, Justice.
This is a disciplinary action instituted by the Louisiana State Bar Association, through its Committee on Professional Responsibility, against a member of the Association. The action is based on respondent's conviction in federal court of being an accessory after the fact, in violation of 18 U.S.C. § 3, to the crime of furnishing of a false financial statement furnished by his brother to the Whitney National Bank.[1]
At a hearing conducted by the Commissioner appointed by this court, the following facts were established: Respondent's brother negotiated a $50,000 bank loan in November, 1977 for Checker Cabs, Inc., a corporation in which respondent and his brother each owned half of the stock. Respondent signed a continuing guarantee on behalf of his brother in connection with the loan. In February, 1978, the bank agreed to renew the loan, but required that respondent submit a personal financial statement. Based on a figure provided by his brother, respondent placed a value of $350,053.39 on his Checker stock.
When respondent and his brother met with a bank officer to complete the loan renewal, respondent saw for the first time the financial statement for Checker which his brother had prepared and submitted at the time of the original loan. Respondent noticed that the statement did not reflect any debts owed by Checker to Safety Finance Service. Although respondent did not know the exact amount of that liability, he did know that Checker owed a substantial amount of money to Safety both at the time of the original loan and at the time of the renewal. Nevertheless, respondent failed to disclose this inaccuracy to the bank officer or to change the valuation of his stock on his financial statement.[2]
Respondent, along with his brother and his father, were ultimately charged in a 22-count felony indictment based on the submission of the false financial statements, as well as other more serious offenses involving Safety Finance Service. On October 15, 1981, respondent pleaded guilty to the misdemeanor offense of accessory after the fact to the filing of the false financial statement.[3] The federal judge sentenced respondent to one year imprisonment, but suspended the sentence and placed respondent on supervised probation for five years, conditioned on community service work of eight hours per week for two years and a fine of $2,500. Respondent has paid his fine and is currently performing the community service by representing abused and neglected children in juvenile court.
The Commissioner concluded that respondent was guilty of a crime which was serious enough to warrant discipline. However, the Commissioner noted several substantial mitigating factors to be considered in determining the extent of the recommended discipline, including the facts that respondent concealed the inaccuracy in the financial statement on behalf of a family member, not a legal client; that he did not *615 personally benefit from this act; that the loan had never been placed in default or sued upon by the bank; that respondent was financially capable and willing to repay the loan, if necessary; that respondent had complied with the terms of his probation, had paid his fine in full, and was then performing eight hours of work per week in Juvenile Court; and that respondent sincerely regretted his actions. The Commissioner recommended that respondent be suspended from the practice of law for a period not to exceed six months, with the exception of his community service representation. The Association, while concurring with the Commissioner's findings of fact, recommended a suspension of one year.
The sole issue to be determined in a disciplinary proceeding based on conviction of a crime is whether the crime warrants discipline and, if so, the extent thereof. Articles of Incorporation, La. State Bar Ass'n., Art. XV, § 8(7)(a)-(d). Mitigating circumstances which may be shown in disciplinary proceedings are those which do not amount to a justification or excuse for the offense, but which may properly be considered in mitigation or reduction of the disciplinary action to be taken. Articles of Incorporation, La. State Bar Ass'n., Art. XV § 8(7)(d).
Here, respondent knowingly participated in the furnishing of a personal financial statement which corroborated false information previously provided to the bank by his brother. However, respondent did not prepare the false financial statement. His failure to disclose the inaccuracy was for his brother's sake and not for his own benefit. Neither the bank nor anyone else suffered a loss as a result of this failure, and none is likely to occur.
Significantly, respondent's conduct was not connected with the practice of law and did not involve any client or professional associate. The record does not show any previous complaints during respondent's 10 years in the profession.
Furthermore, the charge to which respondent pleaded guilty was only a misdemeanor. The fact that the federal judge did not require any term of imprisonment whatsoever suggests that the judicial officer most familiar with the incident did not believe respondent's unlawful conduct warranted a harsh sanction. We likewise conclude that the seriousness of the misconduct, when considered in the light of the mitigating factors, does not warrant a harsh sanction that might be appropriate in the case of more serious criminal conduct.
The purpose of disciplinary proceedings is to insure that attorneys maintain appropriate standards of professional conduct, thus protecting the public and the administration of justice. Louisiana State Bar Ass'n. v. Heymann, 405 So.2d 826 (La.1981). This purpose is not served by imposing a greater sanction than is warranted by the seriousness of the offense in question, considered in light of all of the aggravating and mitigating circumstances. Louisiana State Bar Ass'n. v. Weinstein, 416 So.2d 62 (La.1982). While respondent's conduct was not serious enough to warrant disbarment or a lengthy suspension, the conduct did constitute a federal crime, and sanctions are necessary to preserve the integrity and dignity of the profession.
Accordingly, it is ordered that Gregory M. Porobil be issued an official public reprimand for his conduct in this matter. All costs are assessed to respondent.
NOTES
[1] The bill of information, to which respondent pleaded guilty, charged:

"In or about February, 1978, in the Eastern District of Louisiana, Gregory M. Porobil, knowing that another individual had provided materially false financial statements to the Whitney National Bank, a bank whose deposits were insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 1014, did knowingly and willfully assist the individual in avoiding detection and apprehension for the offense in that the defendant subsequently provided the Whitney National Bank with a materially false personal financial statement that corroborated the false information previously provided by another, all in violation of Title 18, United States Code, Section 3."
[2] Respondent explained that he was afraid his brother would get into trouble, since the brother had already submitted the inaccurate information to the bank.
[3] Respondent's brother and father were later convicted of more serious felony offenses and are now serving jail sentences.