476 So.2d 811 (1985)
LOUISIANA STATE BAR ASSOCIATION
v.
Anthony J. VESICH, Jr.
No. 84-B-0315.
Supreme Court of Louisiana.
October 21, 1985.
*812 Thomas O. Collins, Jr., Wood Brown, III, New Orleans, Robert J. Boudreau, Lak Charles, Sam J. D'Amico, Baton Rouge, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Pee, Roland J. Achee, Shreveport, Gerald F. Thomas, Natchitoches, for applicant.
Frank J. D'Amico and Daniel J. Markey, Jr., New Orleans, for respondent.

DISCIPLINARY PROCEEDING
WATSON, Justice.
In this disciplinary proceeding by the Louisiana State Bar Association against attorney Anthony J. Vesich, Jr., the Supreme Court of Louisiana has original jurisdiction. Art. V, § 5(B), LSA-Const. 1974.[1]
Vesich was convicted by a jury of endeavoring to obstruct justice in violation of 18 U.S.C. § 1503 and perjury before a grand jury in violation of 18 U.S.C. § 1623.[2] The convictions were affirmed by the United States Fifth Circuit Court of Appeals[3] and a rehearing was denied.[4] Vesich was originally sentenced to concurrent sentences of eighteen months.[5] After a medical evaluation and imprisonment for approximately four months, he was released and placed on probation with the condition that he not resume the practice of law until October 15, 1986.
After a hearing, the Louisiana State Bar Association, through its Committee on Professional Responsibility, petitioned for disciplinary action and a commissioner was appointed to take evidence. Commissioner Cameron Gamble recommended that attorney Vesich be suspended from the practice of law for the term fixed as a condition of probation. Noting that obstructing justice and committing perjury are crimes which strike at the heart of the judicial system, the Louisiana State Bar Association's Committee on Professional Responsibility recommended that Vesich be disbarred, relying on Louisiana State Bar Association v. Thierry, 366 So.2d 1305 (La., 1978) and *813 Louisiana State Bar Ass'n v. Russell, 388 So.2d 788 (La., 1980).
After graduation from Loyola Law School, Vesich was admitted to practice in 1951. He served in the Legislature for sixteen years, from 1956 until 1972, was a delegate to the 1973 Louisiana Constitutional Convention and presided as a Commissioner of the Orleans Civil District Courts from September of 1975 until April of 1984. At the time of the commissioner's hearing, on February 11, 1985, Vesich was fifty-nine years old.[6]
Vesich's health problems include a heart attack in 1964 and two operations to clear blockages in his left and right carotid artery and then to correct a blockage in his right carotid arteries. As a result of his circulatory problems, Vesich has a memory deficit.
The witness against Vesich in the federal prosecution, Robert Fragale, was a friend rather than a client. Fragale had been released from jail by the federal government on the condition that he attempt to secure evidence of criminal activity by other people. In furthering this endeavor, Fragale tape recorded a phone conversation with Vesich on January 6, 1982. Vesich was summoned before a grand jury and repeatedly asked if he had ever advised anyone to lie before a grand jury. Vesich once replied no. In pertinent part, the recorded conversation was as follows:
"`[Fragale]: ... I talked to Cook [another attorney] yesterday, after I talked to you, because I was kind of concerned, and he saidhe said not to worry about it, but you know, like I told him, I said, "Man, I can't go up there and tell them people anything." I said ah
"`[Vesich]: That's why I told you to get a story straight for when you do go. "Yea, my connection was Joe Blow, Peter Phenerk [phonetic]," and all that, and they'd be gone. Now they can't do you nothing for that, Bob.
"`[Fragale]: What if they prove you're lying? They can give
"`[Vesich]: How can they prove you're lying? If they say, "Bob, who was your connection?" say, "My connectionmy connection was Jim Bowie, he's dead. Peter so-and-so, he fled the country. That's my connections." No they can't, how they gonna prove that? They ain't going to believe you, they ain't going to like what you tell them, and they're going to go back and tell the judge that you haven't cooperatedor some part of your sentence, but they ain't gonna believe you, but they can't do a ... thing, Bob.
"`[Fragale]: Well, as long as they can't prove you're lying, you mean.
"`[Vesich]: Right, how they gonna prove you're lying?
"`[Fragale]: `Cause, you know, I don't know. That's what I was worried about.'" United States v. Vesich, 724 F.2d 451 at 459, footnote 16 (1984).
According to Vesich, this conversation should be considered in context. After being warned by Vesich in prior unrecorded conversations against perjury, Fragale had said he could not testify truthfully. In the taped conversation, Fragale said he could not "tell them people anything."
The Fifth Circuit opinion points out that the jury chose to believe Fragale rather than Vesich. There are, however, several indications that Fragale is not a truthful person. In affirming Vesich's convictions, the Fifth Circuit noted that the scope of its inquiry was limited; all reasonable inferences and credibility choices had to be resolved in favor of the government. It found the evidence "sufficient, though perhaps minimally so,"[7] "at the outer edge of the required pendency,"[8] and "again at the outer perimeters of the statute."[9]
The question of Vesich's guilt is not at issue, being foreclosed by the final convictions. Louisiana State Bar Ass'n v. *814 Marcal, 430 So.2d 47 (La., 1983); Louisiana State Bar Ass'n v. Loridans, 338 So.2d 1338 (La., 1976). Evidence about any lack of criminal intent is thus inadmissible. Louisiana State Bar Ass'n v. Pitard, 462 So.2d 178 (La., 1985). However, the facts and circumstances underlying the convictions are relevant to the appropriate sanction to be imposed. Louisiana State Bar Ass'n v. Frank, 472 So.2d 1 (La., 1985).
Viewed in the light most favorable to the prosecution, the evidence sustaining Vesich's convictions was barely sufficient. This is a mitigating factor. Louisiana State Bar Ass'n v. Frank, supra; Louisiana State Bar Ass'n v. Miranne, 457 So.2d 642 (La., 1984).
It is undisputed that Vesich did not profit financially from the reprehensible suggestions made to his "friend" Fragale. Out of misplaced sympathy, Vesich even loaned Fragale a thousand dollars. There was no attorney-client relationship and no expectation of a fee. See Louisiana State Bar Ass'n v. Porobil, 444 So.2d 613 (La., 1984). This was a casual conversation with a friend, and it is doubtful that Vesich had a perfect recollection of what transpired. Whether the conversation was a caution to Fragale against committing perjury or advice as to how to commit it successfully was a close jury question.
Although the facts in Thierry, supra, are superficially similar, the circumstances were different. Thierry acted in the context of a lawyer-client relationship and actually paid the false alibi witness for his client. While Louisiana State Bar Ass'n v. Russell, supra, squarely holds that subordination of a witness[10] is a serious felony which warrants disbarment, consideration of mitigating circumstances is nonetheless appropriate. In Russell, the disbarment was made retroactive rather than prospective because of the mitigating circumstances, specifically successful hospitalization and treatment for mental illness.
In the case of Louisiana State Bar Ass'n v. Miranne, supra, Miranne, Sr., was convicted of perjury. He was given a retroactive suspension of three and one-half years, an effective suspension of approximately nine months. Like Vesich, Miranne's record had no prior flaws on his record, a strong mitigating factor. Louisiana State Bar Ass'n v. Larre', 457 So.2d 649 (La., 1984); Louisiana State Bar Ass'n v. Perez, 471 So.2d 685 (La., 1985).
One hundred and eighty-one letters attesting to Vesich's character and/or asking for a merciful disposition of this matter have been filed. Many prominent lawyers, judges and public officials request that Vesich's convictions be considered in light of his many years of unsullied public service. These testimonials may appropriately be considered in deciding the sanction for Vesich's conduct. Louisiana State Bar Ass'n v. Weinstein, 416 So.2d 62 (La., 1982); Louisiana State Bar Ass'n v. Perez, supra.
The minimal term of imprisonment which the trial judge deemed appropriate for the offenses is a factor favoring Vesich. Louisiana State Bar Ass'n v. Weinstein, supra.
Attorney discipline is not punitive but protective of the courts and the public. Louisiana State Bar Ass'n v. Klein, 253 La. 603, 218 So.2d 610 (1969); In re Craven, 204 La. 486, 15 So.2d 861 (1943); Louisiana State Bar Ass'n v. Cryer, 441 So.2d 734 (La., 1983); Louisiana State Bar Ass'n v. Hickman, 471 So.2d 696 (La., 1985); Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La., 1984). The purpose is to deter future misconduct by a penalty, which will have a salutary effect on other members of the bar. Louisiana State Bar Association v. Jones, 372 So.2d 1186 (La., 1979), cert. den. 444 U.S. 1073, 100 S.Ct. 1017, 62 L.Ed.2d 754 (1980); Louisiana State Bar Association v. Summers, 379 So.2d 1065 (La., 1980); Louisiana State Bar Association v. Edwards, 387 So.2d 1137 (La., 1980); Louisiana State Bar Association v. Kramer, *815 420 So.2d 1110 (La., 1982); Louisiana State Bar Association v. Mundy, 423 So.2d 1126 (La., 1982); Louisiana State Bar Ass'n v. Cryer, supra. Thus, the only issue in a disciplinary proceeding is the sanction which will protect the public from dishonest and/or incompetent attorneys while maintaining confidence in the courts.
Vesich's crimes must be weighed against his past record, the lack of any financial gain, the casual nature of the excerpted conversation, the tenuous nature of the evidence, the strong confidence shown in him by other members of the bench and bar, his medical problems, and the resulting deficit in his memory. There is no question that the crimes warrant discipline. The commissioner who heard the evidence recommended suspension from the practice of law for two years to run concurrently with the suspension set by the federal trial judge as a condition of probation. Considering all the circumstances, this recommendation is appropriate.
IT IS THEREFORE ORDERED that Anthony J. Vesich, Jr., be suspended from practicing law in the state of Louisiana for a period of two years, commencing on October 15, 1984. All costs of these proceedings are taxed against respondent Vesich.
DENNIS, J., concurs in the result but feels that a lesser sanction may be appropriate under the circumstances.
NOTES
[1] LSA-Const. 1974, Art. V, § 5(B) provides:

"Original Jurisdiction. The supreme court has exclusive original jurisdiction of disciplinary proceedings against a member of the bar."
[2] United States v. Vesich, 558 F.Supp. 1192 (1983).
[3] United States v. Vesich, 724 F.2d 451 (1984).
[4] 726 F.2d 168 (1984).
[5] Twelve of the eighteen months were suspended on the perjury charge.
[6] He was born on December 25, 1925.
[7] 724 F.2d 451 at 456.
[8] 724 F.2d 451 at 456.
[9] 724 F.2d 451 at 457.
[10] The Louisiana crime which is analagous to obstruction of justice.