550 So.2d 584 (1989)
LOUISIANA STATE BAR ASSOCIATION
v.
John W. PORTERFIELD.
No. 89-B-0420.
Supreme Court of Louisiana.
October 23, 1989.
Thomas O. Collins, Jr., G. Fred Ours, New Orleans, Gerard F. Thomas, Natchitoches, Roland J. Achee, Shreveport, Robert J. Boudreau, Lake Charles, Robert M. Contois, New Orleans, Frank J. Gremillion, Baton Rouge, Carrick R. Inabnett, Monroe, Harvey Lewis, Trevor G. Bryan, Elizabeth A. Alston, New Orleans, Christine Lipsey, Baton Rouge, Edmund McCollam, Houma, William W. Hall, Gretna, for applicant.
John Walter Porterfield and Chester Hugh Boyd, Baton Rouge, for respondent.
COLE, Justice.
At issue is whether a conviction which has been "set aside" under the provisions of La.Code Crim.Proc. art. 893 is a conviction of a crime for purposes of imposing discipline under La.State Bar Ass'n Articles of Incorporation, art. 15, § 8.

CRIMINAL PROCEEDINGS
On April 22, 1985, respondent, John Porterfield, was arrested and charged with possession of 28 grams or more of cocaine in violation of La.R.S. 40:967(F). Respondent pled guilty to possession of cocaine with intent to distribute in violation of La.R.S. 40:967(A)(1). The trial court, pursuant to La.Code Crim.Proc. art. 893, deferred imposition of the sentence and placed respondent on supervised probation for a period of two years. The probation was made subject to the following terms and conditions: (1) pay $15 per month to defray the cost of probation; (2) be evaluated and treated (if necessary) at a substance abuse clinic; (3) submit to periodic drug screening at his own expense; (4) perform fifty hours of community service; and (5) participate in Lawyers for Louisiana. On January 26, 1989, the trial judge found respondent completed his probation in a satisfactory manner, and the charges against him were set aside under La.Code Crim.Proc. art. 893. *585 Prior to this, respondent had appealed his conviction.
On original hearing, the court of appeal found the bill of information was not properly amended to include La.R.S. 40:967(A)(1) and the trial court was not authorized to accept a guilty plea for that offense. Therefore, the court reversed respondent's conviction and sentence and remanded for further proceedings. State v. Porterfield, 524 So.2d 1363 (La.App. 1st Cir.1988). However, on rehearing, the court found the bill of information had been properly amended. On November 22, 1988, the court vacated its decree on original hearing and affirmed defendant's conviction and sentence. State v. Porterfield, 541 So.2d 909 (La.App. 1st Cir.1988).

DISCIPLINARY PROCEEDINGS
On August 13, 1987, prior to respondent's appeal, the Committee on Professional Responsibility of the Louisiana State Bar Association conducted a formal investigatory hearing. Respondent appeared at the hearing and was represented by counsel. Considering the statute violated and the evidence adduced at the hearing, the committee determined the crime of which respondent was convicted constituted a serious crime. On October 21, 1987, the committee petitioned this court to suspend respondent while his appeal was pending or remand the case to the committee for further disciplinary proceedings. By order dated November 6, 1987, this court elected not to suspend respondent and referred the matter back to the committee.
On February 20, 1989, after the appropriate appellate delays ran and respondent's conviction became final, the committee instituted disciplinary proceedings against respondent on the basis of article 15, § 8 of the articles of incorporation. The committee alleged that respondent had been convicted of a serious offense, a felony, and an offense that indicated he lacked the moral fitness to practice law. The commitee attached a certified copy of the judgment of the court of appeal affirming respondent's conviction and sentence. Respondent was personally served with a copy of this petition and filed an answer to it. This court, by order, appointed George L. Clauer III, as commissioner to take evidence and file a report setting forth his findings of fact and conclusions of law. La.State Bar Ass'n Articles of Incorporation, art. 15, § 6(b) and (d).
A hearing before the commissioner was held on May 15, 1989, at which respondent and his attorney were present. Thereafter, on June 7, 1989, the commissioner filed his written report with this court wherein he stated his findings of fact and conclusions of law and recommended a two year suspension from the practice of law. The committee concurred in the commissioner's findings of fact, conclusions of law and recommendation of discipline. After oral argument before this court, the matter was submitted for our determination on the record before the commissioner.

STATUS OF RESPONDENT'S CONVICTION
Article 15, § 8(a)(7)(c) of the articles of incorporation provides "the certificate of the conviction of the respondent shall be conclusive evidence of his guilt of the crime for which he has been convicted." Respondent concedes he pled guilty to and was convicted of possession of cocaine with intent to distribute in violation of La.R.S. 40:967(A)(1). However, he argues that since his conviction was "set aside" by the trial judge under the provisions of La.Code Crim.Proc. art. 893, it should not be treated as a conviction for purposes of disciplinary proceedings.
La.Code of Crim.Proc. art. 893 provides in pertinent part:
Art. 893. Suspension of sentence and probation in felony cases
A. When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation *586 and parole. * * * The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
* * * * * *
E. When the imposition of sentence has been suspended by the court for the first conviction only, as authorized by this Article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution and the dismissal of the prosecution shall have the same effect as acquittal, except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to culmulation of offenses.
Respondent argues this statute is similar to the one at issue in Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). In that case, Reis had entered a conditional plea under La.R.S. 40:983. After Reis completed his probationary period, the district court entered an order under the terms of the statute dismissing the proceedings against him. We concluded a dismissal of prosecution was "tantamount to an acquittal" and could not be used to prove Reis was guilty of illegal conduct, moral turpitude, or conduct adversely reflecting on his fitness to practice law.
We find Reis is clearly distinguishable from the present case. The statute at issue in Reis provided in pertinent part:
§ 983. Conditional discharge for possession as first offense
Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated R.S. 40:966C, 40:967C, 40:968C, 40:969C, 40:970C of this part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
* * * * * *
Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under La. R.S. 40:982.
(Emphasis added).
A comparison of La.Code Crim.Proc. art. 893 and La.R.S. 40:983 shows the two statutes, while superficially similar, contain much different language. Under La.Code Crim.Proc. art. 893, the trial court adjudicates the defendant guilty and pronounces sentence, whereas under La.R.S. 40:983, there is no court adjudication of guilt. La. Code Crim.Proc. art. 893 provides the set aside conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of laws relating to cumulation of offenses. La.R.S. 40:983 provides the conditional discharge "shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982."
As we noted in Reis,

Reis argues that his plea resulted from the trial court's assurance that this would save his livelihood: i.e., preserve him from disciplinary action. Because it did not amount to an adjudication of guilt, the trial court believed that disciplinary action would not result from this plea. The trial court correctly interpreted the statute, which allows certain first offenders to avoid the stigma of a conviction *587 after fulfilling their terms and conditions of probation.
513 So.2d at 1176 (emphasis added).
Thus, we clearly recognized in Reis there was never a conviction for purposes of art. 15, § 8 of the articles of incorporation. The same cannot be said in the present case.
Although not controlling on this court, it is instructive to examine federal cases which have dealt with expunged state convictions in the context of federal firearms laws. In Dickerson v. New Banner Institute, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), the U.S. Supreme Court was faced with the question of whether a defendant whose conviction was expunged (under an Iowa statute similar to La.Code Crim.Proc. art. 893) after serving a one year probation period was convicted for purposes of the Gun Control Act. That act made it unlawful for any person who had been convicted of a crime punishable by imprisonment for a term exceeding one year to ship, transport, or receive any firearm or ammunition in interstate commerce. The Court found the language of the act simply required a conviction. Therefore, it concluded the expunged conviction was still a conviction for purposes of the act:
[E]xpunction under state law does not alter the historical fact of the conviction.... [I]t is true, we recognized an obvious exception to the literal language of the statute for one whose predicate conviction had been vacated or reversed on direct appeal. * * * But, in contrast, expunction does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty. Expunction in Iowa means no more than that the State has provided a means for the trial court not to accord a conviction certain continuing effects under state law.
460 U.S. at 115, 103 S.Ct. at 993, 74 L.Ed.2d at 855-56.
We discern little substantive difference between the Iowa statute dealt with in Dickerson and La.Code Crim.Proc. art. 893. The U.S. Fifth Circuit reached the same conclusion, since it recently applied Dickerson to a firearms case where the conviction had been expunged under La.Code Crim. Proc. art. 893. United States v. Crochet, 788 F.2d 1061 (5th Cir.1986).
Furthermore, we find it particularly revealing that the Dickerson Court chose to contrast the Iowa statute with a federal expungement statute very similar to La. R.S. 40:983:
Title 21 U.S.C. § 844(b) is a federal expunction statute providing that a first offender found guilty of simple possession of a controlled substance may be placed on probation without entry of judgment, and that, upon successful completion of the probation, the court shall discharge the defendant and dismiss the proceeding against him. But Congress also specifically provided in § 844(b)(1) that such discharge or dismissal "shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime... or for any other purpose." This provision would be superfluous if Congress had believed the expunction automatically removes the disqualification. Congress obviously knew the plain meaning of the terms it employed in statutes of this kind, and when it wished to create an exception for an expunged conviction, it did so expressly.
460 U.S. at 118, 103 S.Ct. at 994-95, 74 L.Ed.2d at 857-58.
We find the Dickerson reasoning applies to the present case. The language of art. 15, § 8 of the articles of incorporation of the Louisiana State Bar Association looks only to the historical fact of the conviction. Any later actions which the courts may take (with the exception, of course, of vacating or reversing the conviction on direct appeal) are irrelevant for purposes of art. 15, § 8. Later actions by the trial judge may go to the issue of mitigation, but they do not change the fact that a conviction has occurred and art. 15, § 8 has been triggered.
Additionally, we note this conclusion is perfectly consistent with the reasoning of Reis, supra. A defendant who pleads under *588 La.R.S. 40:983 is never convicted, since there is never an adjudication of guilt. This is an option which the legislature chose to give certain first time drug offenders. Since La.R.S. 40:983 precludes a conviction, art. 15, § 8 defers to the wishes of the legislature and is never triggered. The same is not true under La.Code Crim. Proc. art. 893, where a conviction actually occurs. We note also R.S. 40:967(A)(1) to which respondent pled guilty is not one of the violations subject to lenient treatment under La.R.S. 40:983. The penalty for violation of R.S. 40:967(A)(1) [possession with intent to distribute] is much greater than that for R.S. 40:967(C) [simple possession], a violation specified in R.S. 40:983. This leads one to believe the legislature did not want the more lenient treatment provided by R.S. 40:983 to be available for the more serious offenses. Respondent could not have availed himself of R.S. 40:983. He was relegated to the more onerous provisions of La.Code of Crim.Proc. art. 893.
Thus, we conclude respondent has been convicted for purposes of art. 15, § 8.

CIRCUMSTANCES UNDERLYING THE CONVICTION
Having found respondent was convicted for purposes of art. 15, § 8 does not end our inquiry, since our cases stress the facts and circumstances underlying the conviction are very important in determining the appropriate sanction to be imposed in a given case. Louisiana State Bar Ass'n v. Garraway, 520 So.2d 400 (La. 1988); Louisiana State Bar Ass'n v. Vesich, 476 So.2d 811 (La.1985); Louisiana State Bar Ass'n v. Frank, 472 So.2d 1 (La.1985).
The facts as stated by the court of appeal show the charges against respondent arose from information relayed by a reliable confidential informant to Lieutenant Bud Connor of the East Baton Rouge Parish Sheriff's Office. Lieutenant Connor testified this information was corroborated by a second informant who was also familiar with respondent.
On April 22, 1985, the first informant told Lieutenant Connor that respondent was going to Crowley to pick up an ounce or more of cocaine which was to be delivered to a man named Pat Gremillion. The informant had personal knowledge of these facts and provided a detailed description of respondent's clothing, automobile, and the route he would be following. Based on this tip, police in several unmarked cars followed respondent as he left Baton Rouge. He stopped in the parking lot of a truck stop on Interstate 10 near the Crowley exit and met an individual later identified as Chris Phillips. After making several nervous glances around the parking lot, Phillips got into respondent's car. The two men then made a brief exit from and return to the parking lot. Lieutenant Connor characterized this as a "heat check," meaning a brief detour or excursion commonly used by drug traffickers to lure police surveillance personnel so they can be more easily detected. As respondent returned to the parking lot, Phillips exited and went to the trunk of his own car. He pulled out a brown paper bag which was later shown to contain an ounce of cocaine. Phillips handed the bag to respondent. Respondent then headed back toward Baton Rouge at a rate of speed in excess of 100 miles per hour. He paused at a rest stop and was observed by one officer performing acts consistent with "snorting" cocaine.
Respondent was stopped and arrested shortly after he crossed the Mississippi River Bridge. He signed a waiver of search form and a search of his vehicle was conducted. The officers found approximately one-half of a gram of cocaine located within a cassette tape case in a pouch on the driver's door. They found a brown paper bag located in a pouch on the back of the passenger seat; this bag contained approximately one ounce of cocaine.
At the formal investigatory hearing, respondent testified on the day of his arrest he believed he was going to pick up an envelope containing money for a client, Cathy St. Claire, as a favor to her. Respondent had represented Ms. St. Claire in a child custody matter and expected to receive his fee out of the money (interestingly, respondent's fee was approximately *589 $3,500; the cocaine he received had a street value of approximately $3,300). Respondent testified that fifteen minutes after he received the envelope, he opened it and determined it contained cocaine. He extracted a small quantity for his own use, then called his friend Pat Gremillion. Respondent claimed Gremillion was the only person he knew who could dispose of such a large quantity of cocaine. He testified he was angry at being tricked into picking up the cocaine by Ms. St. Claire, and his only motivation was to get rid of it as soon as possible.
Respondent theorized Ms. St. Claire had set him up in return for authorities releasing her boyfriend from jail. Respondent also noted several of the arresting officers held grudges against him, stemming from an earlier incident when he successfully sued the police department for civil damages resulting from an illegal search. However, he presented no evidence to support either theory.
After reviewing the evidence, the commissioner stated:
Even assuming, although not finding, that Respondent came into possession of the cocaine in a wholly innocent manner, his actions and statements indicate a later knowing intent to distribute some or all of the cocaine to a known drug dealer who could "dispose of it" and "make something from it."
We agree with the commissioner. The facts clearly show respondent knowingly possessed a large quantity of cocaine and intended to distribute it to a friend who he knew was a drug dealer. Such actions constitute serious offenses and have been held to warrant discipline. Louisiana State Bar Ass'n v. Bensabat, 378 So.2d 380 (La.1979).

MITIGATING FACTORS
We find several mitigating factors exist. No prior disciplinary proceedings have been instituted against respondent. Respondent has practiced law in excess of ten years, has acted as an arbitrator in the small claims division of Baton Rouge City Court and has been a volunteer prosecutor for the Department of Environmental Quality. Various members of the legal profession, including judges and practicing attorneys, have attested to respondent's good reputation in the legal community.
Furthermore, while the judge's dismissal of prosecution under art. 893 does not affect the historical fact of conviction, it can be considered as a mitigating factor. Respondent complied with all the terms of his probation to the trial judge's satisfaction. Finally, we note he has submitted to periodic drug screening and has been found to be free of drugs.

CONCLUSION
The crime for which respondent was convicted was a serious offense for which discipline is warranted. However, numerous mitigating factors exist in respondent's favor. Given all factors, we conclude a three year suspension from the practice of law is appropriate discipline under the circumstances.

DECREE
For the reasons assigned, we order that John W. Porterfield be suspended from the practice of law for a period of three years, effective upon the finality of this decree. All costs incurred are to be borne by respondent.
SUSPENSION ORDERED.
LEMMON, J., dissents and assigns reasons.
COLOGERO, J., dissents for reasons assigned by LEMMON, J.
LEMMON, Justice, dissenting in part.
Respondent came into possession of a substantial amount of cocaine valued at $3,300 (apparently in payment for a legal services fee of approximately $3,500). He then contacted a known drug dealer for the purpose of putting the cocaine on the market in order to convert the cocaine to cash. This serious criminal conduct, involving an intent to distribute cocaine for monetary gain, establishes respondent's lack of moral *590 fitness to practice law and warrants disbarment.