660 So.2d 67 (1995)
Glenda Prevost, Wife of/and Eric DUBUCLET
v.
HOME INSURANCE COMPANY.
No. 94-CA-2352.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 1995.
Rehearing Denied September 26, 1995.
John H. Ryan, New Orleans, for plaintiff.
Edward D. Wegmann, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant.
*68 Before SCHOTT, C.J., and ARMSTRONG and WALTZER, JJ.
ARMSTRONG, Judge.
This is a legal malpractice action. The plaintiffs are the former client, Eric Dubuclet, and his wife, Glenda Prevost. The defendants are the former attorney, Charles M. Samuel, III, and his legal malpractice liability insurer, Home Insurance Company. The case was submitted below on cross-motions for summary judgment and the trial court ruled in favor of the defendants. The plaintiffs then brought this appeal. We affirm.
As will be discussed in more detail below, the gist of the plaintiffs' claim is that the defendant former attorney brought a lawsuit on behalf of Mr. Dubuclet and then failed to prosecute that lawsuit with the result that it was dismissed. The defendants do not dispute that. Also, for purposes of their motion for summary judgment, the defendants conceded fault. However, the defendants argued that the suit that was dismissed for failure to prosecute could not have been won, and so the plaintiffs suffered no harm from the dismissal of that lawsuit. See Jenkins v. St. Paul Fire and Marine Ins. Co., 422 So.2d 1109 (La.1982). The trial court found for the defendants on this point and we agree.
A summary judgment may be rendered if "there is no genuine issue of material fact, and [the] mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(B). The facts in this case are not in dispute. The plaintiffs-appellants do not argue on appeal that there are any genuine issues of material fact. Instead, both sides argue as to the proper legal conclusions to be drawn from the undisputed facts.
Mr. Dubuclet was a tenured school teacher in Orleans Parish. He was arrested for possession of marijuana and cocaine. He entered guilty pleas. Because he was a first time offender, his case was handled pursuant to La.R.S. 40:983. That statute provides that, without entering a judgment of guilt, the trial court may defer further criminal proceedings, and place the defendant on probation. If the probation is successfully completed, the defendant is discharged and the criminal proceedings against the defendant are dismissed. Mr. Dubuclet did successfully complete his probation, he was discharged, and the criminal proceedings against him were dismissed.
The Orleans Parish School Board commenced teacher disciplinary proceedings against Mr. Dubuclet pursuant to La.R.S. 17:462 because of his possession of marijuana and cocaine. The specific basis for the disciplinary proceedings were "immorality" and "willful neglect of duty" which are grounds for discipline of a tenured teacher under La.R.S. 17:462.
The Orleans Parish School Board held a hearing at which Mr. Dubuclet was represented by Mr. Samuel. Evidence of Mr. Dubuclet's guilty pleas in the criminal proceeding was admitted over objection at the school board hearing. One of the two arresting officers, Officer Ronald Austin, testified as to the arrest of Mr. Dubuclet and as to Mr. Dubuclet's use and possession of marijuana and possession of cocaine. The school board found Mr. Dubuclet "guilty" of immorality, but not of willful neglect of duty, and terminated him.
Mr. Dubuclet's former attorney, defendant Samuel, filed two lawsuits arising from the termination. One lawsuit sought judicial review of a denial of unemployment compensation for Mr. Dubuclet (the "unemployment compensation suit"). The other lawsuit, the one directly at issue in this present legal malpractice action, sought judicial review of the school board's termination of Mr. Dubuclet (the "reinstatement suit"). Mr. Dubuclet lost the unemployment compensation suit, and appealed to this court, which affirmed. Dubuclet v. Division of Employment Security of the Department of Labor, 483 So.2d 1183 (La.App. 4th Cir.1986), writ denied, 488 So.2d 693 (La.1986). The reinstatement suit was pending in the trial court for five years with no activity and, as a result, was dismissed for failure to prosecute.
The issue is whether Mr. Dubuclet could have won the reinstatement suit. The defendants bear the burden of proof that it could not have been won. Jenkins v. St. Paul, supra. The plaintiffs argue that the school board's decision would have been reversed *69 upon judicial review if the reinstatement suit had not been dismissed.
First, the plaintiffs argue that because Mr. Dubuclet was discharged, and the criminal proceedings against him were dismissed pursuant to La.R.S. 40:983, Mr. Dubuclet could not be terminated by the school board for his possession of marijuana and cocaine. As we rephrase it, the plaintiffs' argument is that the discharge and dismissal of the criminal proceedings bar his employer from terminating him for the same conduct (the instance of possession of marijuana and cocaine at issue) that was the subject of the criminal proceedings. The plaintiffs rely upon the language of La.R.S. 40:983 and two Louisiana Supreme Court attorney discipline cases. The statute provides as follows:
A. Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated R.S. 40:966(C), R.S. 40:967(C), R.S. 40:968(C), R.S. 40:969(C), R.S. 40:970(C) of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required. Among such conditions the court shall order that the defendant perform not less than one hundred hours of court-approved community service that may include manual labor.
B. Upon the defendant's violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
C. Upon fulfillment of the terms and conditions of probation imposed in accordance with this Section, the court shall discharge such person and dismiss the proceedings against him.

D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
E. Discharge and dismissal under this Section may occur only once with respect to any person.
La.R.S. 40:983 (emphasis added). The plaintiffs focus upon subsection La.R.S. 40:983(D) which provides that, because Mr. Dubuclet received a discharge and dismissal, he is not deemed to have been convicted of a crime "for purposes of disqualifications or disabilities imposed by law upon conviction of a crime [.]" (emphasis added).
The problem with the plaintiffs' argument is that the statute providing for discipline of tenured teachers, La.R.S. 17:462, the statute under which the school board acted in terminating Mr. Dubuclet, does not require or even refer to conviction of a crime. Instead, the clause of the statute under which the school board terminated Mr. Dubuclet refers to "immorality." This is broader than, or at least not identical to, illegality or conviction of a crime.
Although Mr. Dubuclet never was convicted of the crime of possessing marijuana and cocaine, he still could be disciplined under La.R.S. 17:462 due to the fact that he possessed marijuana and cocaine. In ruling against Mr. Dubuclet on appeal in the unemployment compensation case, this Court stated:
In so holding, we are not persuaded by plaintiff's reliance on the expungement statute, LSA-R.S. 40:983, which provides that a guilty plea for a first offender for possession of marijuana shall be dismissed without court adjudication of guilt and shall not be deemed a conviction. The statutory expungement of one's criminal record does not erase the fact that the party committed the act, nor does it erase the moral turpitude of his conduct. Thus, even though plaintiff's plea of guilt under the statute may not constitute a criminal conviction as a matter of record, his possession of an illegal drug nonetheless remains an act of "misconduct" and "immorality" that constitutes grounds for disqualifying him from unemployment compensation benefits. *70 Dubuclet v. Division of Employment Security of the Dept. of Labor, supra at 1185. The same reasoning is applicable in the present case. The discharge of Mr. Dubuclet and the dismissal of the criminal proceedings did not prevent the school board disciplinary proceeding.
The plaintiffs rely upon Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). In that case, the respondent attorney pleaded guilty to possession of cocaine and was placed on probation and, subsequently, discharged with the charges dismissed pursuant to La.R.S. 40:983. Then, the Louisiana State Bar Association brought a disciplinary proceeding against the attorney. The Supreme Court stated as follows:
In disciplinary proceedings based upon criminal conduct, it is the fact of conviction, not respondent's guilt, which is at issue. In a disciplinary case based on conviction of a serious crime, the question of guilt or innocence is not retried. Louisiana State Bar Association v. Vesich, 476 So.2d 811 (La.1985); Louisiana State Bar Association v. Frank, 472 So.2d 1 (La., 1985); Louisiana State Bar Association v. Porobil, 444 So.2d 613 (La., 1984); Louisiana State Bar Association v. Loridans, 338 So.2d 1338 (La.1976); Louisiana State Bar Association v. Shaheen, 338 So.2d 1347 (La.1976).
The bar association argues that Reis is guilty of illegal conduct and moral turpitude adversely reflecting on his fitness to practice law. However, under the terms of the statute, the proceedings respecting Reis were "... without court adjudication of guilt and shall not be deemed a conviction...." A court order was entered discharging Reis and dismissing the proceedings against him. Under these circumstances, a dismissal of prosecution is tantamount to an acquittal. It would be anomalous indeed for this court to look past the proceedings which have an obvious rehabilitative purpose and punish the lawyer even though he stands acquitted. We decline to do so.
The bar association has failed to prove specification one, that Reis is guilty of illegal conduct, moral turpitude, or conduct adversely reflecting on his fitness to practice law. (footnotes omitted).
513 So.2d at 1176
The plaintiffs also rely upon Louisiana State Bar Ass'n v. Porterfield, 550 So.2d 584 (La.1989). This case involved an attorney who pleaded guilty to possession of cocaine with intent to distribute. His sentence was suspended, he was placed on probation and, upon completion of the probation, his conviction was set aside and the prosecution was dismissed. This was done pursuant to a statute, La.Code Crim.Proc. art. 893, different than the statute, La.R.S. 40:983, at issue in the present case and in Reis. Nevertheless, the Porterfield court, in ordering the respondent attorney suspended, discussed the Reis decision.
In particular, the Porterfield court considered the ruling in Reis as resulting from the fact that the discharge and dismissal in Reis, pursuant to La.R.S. 40:983, resulted in no conviction. Porterfield, 550 So.2d at 586-87. In Porterfield, the court held that in that case, there was a conviction. In other words, the distinction between Reis and Porterfield is that the former involved no conviction and the latter did involve a conviction. Because the Reis attorney, who had not been convicted, was subject to discipline based upon the Code of Professional Responsibility section which required a prior conviction, the disciplinary proceeding was improper. In light of the Porterfield decision's discussion, we believe that Reis stands for no more than the proposition that when the disciplinary action at issue is predicated upon conviction, then conduct that has been the subject of discharge and dismissal under R.S. 40:983 should not result in discipline. In the present case, the statute provides that the basis of the underlying discipline (i.e. termination) be predicated upon "immorality" rather than conviction. Thus, we believe this Court's prior decision in the unemployment compensation case, rather than the Reis decision, is controlling here.
Plaintiffs suggest that, standing alone, the language from Reis might be interpreted more broadly, because of its references to not only "illegal conduct," but also to "moral turpitude" and "conduct adversely reflecting *71 on his fitness to practice law." From what is made known of the attorney disciplinary proceeding in the Reis opinion, it appears as though the only evidence presented in support of the specification involving cocaine was the guilty plea in the criminal proceeding. Thus, it appears as though the Reis court was holding that, with the discharge and dismissal pursuant to La.R.S. 40:983, the guilty plea in the criminal proceeding could not be used as evidence in the attorney disciplinary proceeding. Consequently, with the guilty plea not proper evidence, and no other evidence whatsoever in support of the specification involving cocaine, that specification simply was not proven. As the Reis opinion puts it: "The bar association has failed to prove specification one, that Reis is guilty of illegal conduct, moral turpitude, or conduct adversely reflecting on his fitness to practice law." Reis, 513 So.2d at 1176 (emphasis added).
In the present case, of course, there was evidence of Mr. Dubuclet's possession of marijuana and cocaine independent of Mr. Dubuclet's guilty pleasthe testimony at the school board hearing of Officer Austin as to the arrest of Mr. Dubuclet and Mr. Dubuclet's possession and use of marijuana and possession of cocaine at that time. In fact, that is the precise point stressed by the trial court in its Reasons For Judgment: "A review of the hearing before the School Board establishes independently of the guilty plea that the claimant [Mr. Dubuclet] was guilty of conduct warranting his suspension. Plaintiff could not recover in the base case [the reinstatement suit] and this action is dismissed with prejudice." (emphasis added).
However, the plaintiffs' next argument is that Officer Austin should not have been allowed to testify at the school board hearing because he was not named on the witness list to be provided to Mr. Dubuclet at least fifteen days in advance of the hearing pursuant to La.R.S. 17:462(A).
However, both sides agree that no objection was raised at the school board hearing to Officer Austin's testifying. Both sides also agree that, because there was no objection, the failure to name Officer Austin on the witness list would not have resulted in the plaintiffs prevailing in the reinstatement suit.
This leads us to another argument of the plaintiffs on appeal which is that the former attorney, Mr. Samuel, committed malpractice by not objecting at the school board hearing to the testimony of Officer Austin on the ground that Officer Austin was not named on the witness list. However, the plaintiffs have not sued for such malpractice (if it was malpractice). A petition must set forth "all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." La.Code Civ.Proc. art. 891. The petition's allegations of Mr. Samuel's alleged malpractice are expressly and specifically directed to, and directed to only, his allowing the reinstatement suit to be dismissed. In fact, nowhere in the petition is there the slightest suggestion that there was any malpractice at the school board hearing or that any claim is being made for any malpractice at the school board hearing. Instead, the entire petition is directed solely to malpractice in relating to the reinstatement suit.
Nor do we think it at all likely that Mr. Dubuclet would have succeeded in the reinstatement suit if the former attorney, Mr. Samuel, had objected at the school board hearing to the testimony of Officer Austin. Mr. Dubuclet was arrested by two police officers. However, only one of the officers was named on the witness list, Officer Dorion, and the other officer, Officer Austin, actually testified. Under these circumstances, it is not clear that Mr. Dubuclet suffered any substantial prejudice at the school board hearing from the failure to name Officer Austin on the witness list. If the court in the reinstatement suit had reviewed this issue it would not have done so on a de novo review basis. The plaintiffs admit that: "The standard of review of a decision by a school board is whether there is a rational basis for the board's determination supported by substantial evidence." See generally Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); Bernard v. Avoyelles Parish School Board, 640 So.2d 321 (La.App. 3rd Cir.1994); Muggivan v. Jefferson Parish School Board, 639 So.2d 849 (La. App. 5th Cir.1994). In the absence of clear *72 and substantial prejudice by unfair surprise, the admission of Officer Austin's testimony over the objection that he had not been named in the witness list would not have caused the judicial reversal of the school board's decision.
Lastly, the plaintiffs argue that the school board's decision to terminate Mr. Dubuclet would have been reversed by the court in the reinstatement suit, had that suit not been dismissed, because evidence of Mr. Dubuclet's guilty pleas was admitted over objection at the school board hearing. However, as we have mentioned above, in connection with our analysis of the Reis decision, there was evidence independent of the guilty pleas that Mr. Dubuclet in fact had used and possessed marijuana and possessed cocaine. Officer Austin testified as to that use and possession and the arrest of Mr. Dubuclet. Thus, the trial court was quite correct in finding that the evidence at the school board hearing "established independently of the guilty plea" that Mr. Dubuclet was guilty of the use and possession. Under the standard of judicial review of school board decisions discussed above in connection with the failure to object to the testimony of Officer Austin, the admission of the guilty pleas into evidence at the school board hearing (assuming that such admission was error) would not have resulted in judicial reversal of the school board's decision.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.