ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William Yarno, Jr., an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rule 8.4(b) (criminal acts adversely reflecting on a lawyer’s honestly) of the Rules of Professional Conduct.
UNDERLYING FACTS
The record indicates that respondent was previously employed as executive director of Central Louisiana Legal Services (“CLLS”), a taxpayer funded legal aid service. Sometime in 1990, respondent used funds from CLLS’s client trust fund to pay court costs for two clients who had privately retained respondent to represent them, and did not qualify for CLLS’ legal aid services.[1]
On August 25, 1993, respondent was charged in the Ninth Judicial District Court, Parish of Rapides, with two counts of theft in excess of $100 but less than $500, in violation of La. R.S. 14:67(B), a felony. On May 16, 1995, respondent entered a plea of nolo con-tendere to a reduced charge of theft of less than one hundred dollars, a misdemeanor offense. The trial court sentenced respondent under the provisions of La.Code Crim. P. art. 894(B),[2] ordering him to pay a fine of $200, pay court costs of |2$170.50 and make restitution of $150.00 to CLLS.
On May 15, 1996, pursuant to the provisions of La.Code Crim. P. art. 894(B), the trial court entered a judgment of acquittal. As a result, respondent’s conviction was expunged and the record of the case was sealed.
DISCIPLINARY PROCEEDINGS
On April 16, 1996, ODC filed formal charges against respondent,[3] based on the conviction. Respondent filed an answer, denying the charges.
On October 3, 1996, the hearing committee conducted a formal hearing, at which respondent testified.[4] Thereafter, the hearing com *453 mittee filed its report with the disciplinary board. The committee found respondent’s employment at CLLS was a position of public trust, and that his conviction affected the public’s faith in the legal profession. The committee also felt respondent personally profited to the extent he retained a client who did not have to pay court costs, as those costs were paid by CLLS funds, yet respondent received a fee. The committee also noted respondent admitted he has not paid his bar dues and is not current on his mandatory continuing legal education hours.
As a sanction, the committee recommended respondent be j3publicly reprimanded for his actions and placed on supervised probation for one year. Additionally, the committee recommended respondent fully pay all bar dues, file an annual registration statement and pay his yearly disciplinary assessment.
The ODC filed an objection to the hearing committee’s recommendation, finding the recommended sanction “wholly inadequate for the seriousness of an offense which reflects a breach of fiduciary responsibility, as well as a lack of moral fitness to practice law.” The ODC suggested a suspension for one year and one day, with reinstatement subject to one year supervised probation as appropriate discipline under the circumstances.
The disciplinary board filed its recommendation with this court on February 18, 1998. Citing our opinion in Louisiana State Bar Ass’n v. Porterfield, 550 So.2d 584 (La.1989), the board recognized that an expunged conviction under La.Code Crim. P. art. 894 was still a conviction for purposes of disciplinary proceeding. It further found the expungement should not be considered in mitigation, since respondent, who was originally charged with two felonies, received a significant benefit when he was allowed to plead to one misdemeanor charge. As aggravating fae-tors, the board found (1) dishonest or selfish motive and (2) substantial experience in the practice of law. The sole mitigating factor it identified was the absence of prior discipline. However, the board pointed out that respondent made complete restitution and took minimal amounts of money for the payment of costs.
As a sanction, the board recommended respondent be suspended for six months, deferred, conditioned upon respondent’s payment of all past and currently owed bar dues, disciplinary assessments and completion of his mandatory continuing legal education requirements. The board also recommended respondent be placed on unsupervised probation for one year.
One member of the board dissented, suggesting respondent be suspended from the practice of law for a period of one year and one day, with all but six months deferred. Another member dissented, indicating respondent should be suspended for an actual Uperiod, but did not specify the length.
Respondent filed an objection to the disciplinary board’s recommendation, and the matter was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
CONCLUSION
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, we conclude the discipline recommended by the disciplinary board is inappropriate under the facts. While we are mindful that the conduct occurred several years ago, and respondent’s conviction was later expunged, we feel that his actions occurred while he was in a position of public trust and caused actual harm to the entity under his charge.[5] These actions adversely reflect on respondent’s fitness to *454 practice law, and mandate a period of actual suspension.
Accordingly, it is ordered that respondent, William Yamo, Jr., be suspended from the practice of law for a period of six months. All costs of these proceedings are assessed against respondent.
LEMMON and TRAYLOR, JJ., dissent, believing that the penalty should be suspension of one year and one day.

 Knoll, J. not on panel. Rule IV, Part 2, § 3.

. It is unclear from the record exactly how much money was involved, but it appears the total amount was approximately $350.

. At the time of the plea, La.Code Crim. P. art 894(B) provided:
B. When the imposition of sentence has been deferred by the court, as authorized by this Article, and the court finds at the conclusion of the period of deferral that the defendant has not been convicted of any other offense during the period of the deferred sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender. Discharge and dismissal under this provision may occur only once with respect to any person during a five-year period. However, discharge and dismissal under this provision for the offense of operating a vehicle while intoxicated may occur only once with respect to any person during a ten-year period.

. On July 11, 1995, the ODC filed a motion in this court, seeking to have respondent placed on interim suspension. We denied the motion. In Re: Yarno, 95-1757 (La.9/1/95), 659 So.2d 505.

. Respondent testified that since he had the conviction expunged, he should not be disciplined, or the expungement should be considered a mitigating factor. Additionally, respondent argued *453 the conviction did not affect the community or the legal profession and that he did not personally profit from the conduct. Respondent did not deny the conviction and stated he planned to engage in private practice in Marrero after not having actively practiced since 1990. Respondent also admitted he was not currently up-to-date with his mandatory continuing legal education requirements, payment of bar dues, or disciplinary assessments.

. As the ODC points out, CLLS was deprived of $350 in funds, incurred approximately $41,000 in costs for an audit mandated by the federal Inspector General, and suffered negative publicity as a result of respondent's actions.