| ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM*
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Craig Hunter King, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his conviction of a serious crime.
UNDERLYING FACTS
On November 15, 1999, respondent assumed the office of district judge for Division “M” of the Civil District Court for the Parish of Orleans. While serving as judge, respondent personally solicited campaign contributions and required his court staff to campaign on his behalf or risk the loss of their employment. When this misconduct was brought to the attention of the Judiciary Commission by his former court reporter, respondent falsely denied the accusations and so testified under oath in a sworn statement. On October 21, 2003, we removed respondent from judicial office for his campaign-related misconduct and for lying about it to the Judiciary Commission. In re: King, 03-1412 (La.10/21/03), 857 So.2d 432 (“King I”). We did not reserve to the ODC the right to institute lawyer disciplinary proceedings against respondent in accordance with Supreme Court Rule XIX, § 6(B).
|2Thereafter, in March 2004, the Orleans Parish District Attorney’s Office filed a two-count bill of information charging respondent with perjury and public salary *875 extortion. On May 18, 2007, respondent accepted a plea agreement and pled guilty to one felony count of conspiracy to commit public payroll fraud (by permitting, allowing, or encouraging his staff to participate in campaign activities on court time). The perjury charge was dismissed. In accordance with the agreement, the trial court deferred the imposition of respondent’s sentence for six months and placed him on inactive probation for that period of time, all pursuant to the provisions of La. Code Grim. P. art. 893.
Following respondent’s guilty plea, on June 26, 2007, we placed respondent on interim suspension based upon his conviction of a serious crime. We further ordered that necessary disciplinary proceedings be instituted pursuant to Rule XIX, §§ 11 and 19. In re: King, 07-1079 (La.6/26/07), 958 So.2d 1172.
On December 3, 2007, following the conclusion of respondent’s probationary period, the trial court set aside his criminal conviction pursuant to La.Code Crim. P. art. 893(E)(2). The trial court also expunged the record of his conviction pursuant to La. R.S. 44:9. Respondent subsequently argued to this court that based upon the trial court’s orders, his interim suspension should be dissolved and he should be reinstated to the practice of law. We denied respondent’s petition. In re: King, 08-0255 (La.3/7/08), 983 So.2d 1246.
DISCIPLINARY PROCEEDINGS
In February 2008, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal pact, especially one that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent answered the formal charges and asserted that the ODC lacks jurisdiction to proceed in this matter.

Hearing Committee Report

The hearing committee conducted a formal hearing on the merits. Following the hearing, the committee filed its report with the disciplinary board. In a split recommendation, two members of the committee rejected respondent’s jurisdictional argument and recommended that the sanction of permanent disbarment be imposed. The lawyer member of the committee dissented, agreeing with respondent that the ODC lacks jurisdiction in this matter.
After considering the evidence and testimony presented at the hearing, the majority of the committee made the following findings:
Respondent freely admitted that he inappropriately used his staff in campaign activities while on the trial court, and that he pled guilty to conspiracy to commit public payroll fraud, a felony. Respondent denied that he committed perjury, but on cross-examination, he conceded that he was not honest during his testimony under oath before the Judiciary Commission. The committee concluded this conduct violated the Rules of Professional Conduct as charged in the formal charges. The committee determined that respondent intentionally attempted to deceive the Judiciary Commission’s Office of Special Counsel. He violated duties owed to the |4public and the legal system, causing serious harm to the administration of justice. The baseline sanction for respondent’s misconduct is disbarment.
The committee found the following aggravating factors apply: a dishonest or *876 selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and substantial experience in the practice of law (admitted 1990). In mitigation, the committee found the following factors: absence of a prior disciplinary record, character or reputation, imposition of other penalties or sanctions, and remorse. The committee also observed in mitigation that respondent was inexperienced as a judge when the campaign fundraising events took place, although he was not inexperienced as a lawyer when he gave false statements under oath.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the majority of the committee recommended that respondent be permanently disbarred.
The lawyer member of the hearing committee dissented, on the ground that the ODC lacks jurisdiction to prosecute this matter. Alternatively, if jurisdiction does exist, the dissenting member of the committee would recommend that respondent be suspended from the practice of law for eighteen months, retroactive to June 26, 2007, the date of his interim suspension.
Respondent filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

With one member dissenting, the disciplinary board agreed at the outset that the ODC has jurisdiction to prosecute respondent. The board found that the hearing committee’s factual findings are not manifestly erroneous, and that respondent | ^violated the Rules of Professional Conduct as charged. Respondent violated Rule 8.4(b) by abusing the powers of his judicial office and by lying under oath. These criminal acts reflect adversely on his honesty, trustworthiness, or fitness as a lawyer. Respondent violated Rule 8.4(c) by lying under bath and by engaging in conspiracy to commit public payroll fraud. Respondent engaged in conduct prejudicial to the administration of justice by conducting improper and prohibited campaign activities as a judge, and by lying under oath at his sworn statement during the Judiciary Commission proceedings. This conduct violated -Rule 8.4(d). Finally, by violating the foregoing rules, respondent violated Rule 8.4(a).
The board determined that respondent violated duties owed to the public and the legal system. His conduct was intentional, and caused serious harm. The board accepted the aggravating and mitigating factors found by the committee, and in addition, found as an aggravating factor that respondent engaged in illegal conduct. Considering all these factors, the board recommended that respondent be permanently disbarred.
Respondent filed an objection to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Initially, we must address respondent’s assertion that the ODC lacks jurisdiction to institute lawyer disciplinary proceedings against him because we did not reserve the agency’s right to do so in King I. We find respondent’s argument faulty, as this proceeding is based upon a criminal conviction and not upon judicial misconduct.
16Supreme Court Rule XIX, § 6(B) refers to the misconduct which was the subject of the judicial disciplinary proceedings, stating, “[tjhis jurisdiction of the agency should not be exercised if the misconduct was the subject of a judicial disci *877 plinary proceeding in which there has been a final determination by the court, unless the court reserved to the agency the right to pursue lawyer discipline in accordance with this subsection.” [Emphasis added.] However, the instant proceeding is not based on the misconduct which was the subject of King I. Rather, it is based on respondent’s conviction of a serious crime pursuant to Supreme Court Rule XIX, § 19. Because this conviction occurred long after respondent had been removed from office, it follows the conviction cannot be the “misconduct” which was the subject of the judicial disciplinary proceeding. Consequently, there is no impediment to the filing of formal charges by the ODC.
These formal charges are based upon respondent’s plea of guilty to the crime of conspiracy to commit public payroll fraud, a violation of La. R.S. 14:138. In an attorney disciplinary proceeding based on the lawyer’s criminal conviction, the issue of his guilt may not be reliti-gated. Because the lawyer’s conviction, whether based on adjudication or guilty plea, is tantamount to a finding of his guilt beyond a reasonable doubt, the clear and convincing standard of proof that applies to disciplinary proceedings has already been satisfied. In re: Bankston, 01-2780 (La.3/8/02), 810 So.2d 1113; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). In this type of proceeding, the sole issue to be determined is whether the crime warrants discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76.
Conspiracy to commit public payroll fraud, which is a felony under Louisiana law, is clearly a serious crime that warrants discipline by this court. The fact that ) 7respondent’s conviction was subsequently set aside under La. Code Crim. P. art. 893 or expunged under La. R.S. 44:9 does not preclude the use of that conviction for bar disciplinary purposes. See In re: Edwards, 99-1825 (La.7/2/99), 747 So.2d 6; In re: Yarno, 98-0442 (La.5/29/98), 713 So.2d 451; Louisiana State Bar Ass’n v. Porterfield,, 550 So.2d 584 (La.1989). Therefore, the only remaining issue is the appropriate sanction for respondent’s misconduct. The resolution of that issue depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
The crime of public payroll fraud is defined as follows:
A. Public payroll fraud is committed when:
(1) Any person shall knowingly receive any payment or compensation, or knowingly permit his name to be carried on any employment list or payroll for any payment or compensation from the state, for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received or to be received according to such employment list or payroll; or
(2) Any public officer or public employee shall carry, cause to be carried, or permit to be carried, directly or indirectly, upon the employment list or payroll of his office, the name of any person as employee, or shall pay any employee, with knowledge that such employee is receiving payment or compensation for services not actually rendered by said employee or for services grossly inadequate for such payment or compensation.
In the factual basis for his guilty plea, respondent admitted that he “initiated, and/or directed his staff members to assist in campaigning, fundraising, or soliciting *878 campaign contributions | ^during” court time, and “thus, staff members who agreed and participated in the campaigning, fundraising, or soliciting campaign contributions while on court time, received payment or compensation for services not rendered to” the court.
Under Standard 5.11(a) of the ABA’s Standards for Imposing Lawyer Sanctions, disbarment is generally appropriate when a lawyer engages in serious criminal conduct, a necessary element of which includes fraud. Likewise, under Standard 5.11(b), disbarment is generally appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice. Even more fitting is Standard 5.21, which provides as follows:
Disbarment is generally appropriate when a lawyer in an official or governmental position knowingly misuses the position with the intent to obtain a significant benefit or advantage for himself or another, or with the intent to cause serious or potentially serious injury to a party or to the integrity of the legal process.
In this case, respondent, while a district judge, knowingly and intentionally misused his office with the intent to obtain a significant benefit for himself. In particular, he misused his court staff for his personal benefit in order to retire his judicial campaign debt, which he testified was “more debt than I had ever experienced in my life.” Under Standard 5.21, therefore, we find the applicable baseline standard in this matter is disbarment.
The record supports the following aggravating factors: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1990). The record supports the following mitigating factors: absence of a prior disciplinary record, character or reputation, and imposition of other penalties or sanctions.
13Under the facts of this case, we find no reason to deviate downward from the applicable baseline sanction. Accordingly, respondent shall be disbarred.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Craig Hunter King, Louisiana Bar Roll number 19945, be and he hereby is disbarred, retroactive to June 26, 2007, the date of his interim suspension. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON and VICTORY, JJ., dissent and assign reasons.
KNOLL, J., concurs in result.
GUIDRY, J., concurs and assigns additional reasons.
JONES, J. Pro Tem., dissents and assigns reasons.

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice Pro Tem-pore, participating in the decision.