Dear Mr. Anderson:
You advise this office that the results of a criminal history review conducted upon a school teacher hired in 2010 by the Calcasieu Parish School Board reflect that this employee has two felony drug convictions, both set aside under La.C.Cr.P. art. 893. You state this teacher was first convicted in 1998 for possession of LSD, [1] a felony offense under La.R.S. 40:966(C). With respect to this first conviction, you state that an order of acquittal under La.C.Cr.P. art. 893 was issued in 2001, in which the court directed expungement[2] of the records of the conviction, although under La.R.S. 44:9(G) this expunged record remains available to the school board as an "entity requesting a record of all criminal arrests and convictions pursuant to R.S. 15:587.1."
A second arrest occurred in 1999, in which this employee was charged with possession with intent to distribute LSD, also a felony offense under La.R.S. 40:966(A)(1). You state that this employee pled guilty to this charge, but the conviction was set aside and dismissed under La.C.Cr.P. art. 893 in 2006. *Page 2 
La.R.S. 17:15(A)(1)(a) states that "[n]o person who has been convicted of or has pled nolo contendere to the crime listed in R.S. 15:587.1 (C) shall be hired by any city, parish, or other local public school board or any nonpublic school or school system . . . as a temporary, part-time, or permanent school employee of any kind . . ." La.R.S. 17:15(A)(2)(a)(i) goes on to provide that "a city, parish, or other local public school board shall dismiss: (i) Any teacher upon the final conviction of such teacher of any crime listed in R.S. 15:587.1 (C), except R.S. 14:74, and any teacher who has pled nolo contendere to any crime listed in R.S.15:587.1 (C), except R.S. 14:74, after a hearing held pursuant to the provisions of Part II of Chapter 2 of this Title." One of the crimes enumerated in La.R.S. 15:587.1(C) is La.R.S. 40:966(A), regarding the possession with intent to distribute a Schedule 1 controlled dangerous substance, the felony offense for which this employee was convicted.
However, you ask this office to advise whether the school board remains required by La.R.S. 17:15 to terminate the employment of this teacher, given that La.C.Cr.P. art. 893(E)(2) states "the dismissal of the prosecution shall have the same effect as acquittal . . ."
Before answering your specific question, we find it necessary to note that Act 760 of the 1986 Regular Session of the Louisiana Legislature ("Act 760"), also known as the Louisiana Child Protection Act, prohibits certain agencies and entities from hiring a person who has been convicted of or has pled nolo contendere to a crime listed in La.R.S. 15:587.1(C), where that employee is in a position of supervisory or disciplinary authority over children. Act 760 requires the employing agency to obtain criminal history information necessary to determine whether an employee, candidate for employment, or volunteer in such a position has been convicted of or plead nolo contendere to any of the offenses enumerated in La.R.S. 15:587.1(C).
Here, the employing agency is the school board, which is governed by the provisions of La.R.S. 17:15, cited above. Act 760 imposes the same requirements upon other agencies and entities: see La.R.S. 15:825.3
(operators, staff and employees of juvenile detention, correction or treatment facilities); La.R.S. 46:51.2 (employees and volunteers in child caring organizations); La. Children's Code Art. 424.1 (court appointed special advocate volunteers); and La.R.S. 46:1441.13 (employees and residents in family child day care homes). As this office stated in La. Atty. Gen. Op. 10-0051, "the clear legislative intent of the Child Protection Act is to provide a safe environment for children who are under the supervision and control of persons other than family members."
Turning to an examination of the law relevant to your question, we mention here that La.C.Cr.P. art. 893(E)(2) provides that "dismissal . . . shall occur only once with respect to any person." However, the facts related in your letter to this office *Page 3 
indicate two felony drug convictions were dismissed, in apparent violation of La.C.Cr.P. art. 893(E)(2). This office is not a finder of fact, and we have not been provided with any certified copies of court documents relative to this employee, but we point out that a judicial finding that the second felony conviction for La.R.S. 40:966(A) was improperly set aside would render your question moot.
Further, there has been no information provided to us which would indicate that the employee in question is suspected of having a juvenile delinquency record that has been expunged pursuant to La.Ch.C. arts. 917—922. This office previously advised the Orleans Parish Juvenile Court (one of the employing agencies subject to Act 760) that in such circumstances, if employment is denied, the denial must be based upon information outside of the candidate's purported juvenile delinquency record. See La. Atty. Gen. Op. 05-0072. However, where juvenile status was not at issue, the author of Opinion 05-0072 further advised that there was no prohibition placed upon the Orleans Parish Juvenile Court to employ someone that has had their criminal record expunged pursuant to La.R.S. 44:9 "so long as it was not for a crime pursuant to LSA-R.S.15:587.1 (C)."
Assuming here as fact that this employee was not convicted of the crimes referenced as a juvenile, it is the opinion of this office that this employee must be terminated if in fact he was convicted of a crime enumerated in La.R.S. 15:587.1(C), [3] notwithstanding that the conviction was dismissed under La.C.Cr.P. art. 893. This office reached a similar conclusion in La. Atty. Gen. Op. 95-204, there determining that the Grant Parish School Board could consider the felony convictions of teacher-employees in the board's determination of whether to revoke their tenure under La.R.S. 17:443, [4] despite the fact that the convictions were dismissed under La.C.Cr.P. art. 893.
The reasoning expressed by this office in Opinion 95-204 relied upon the decision of the Louisiana Supreme Court in Louisiana State Bar Assn.v. Porterfield, *Page 4 550 So.2d 584 (La. 1989). Discussing Porterfield, this office in Opinion 95-204 advised:
 In Louisiana State Bar Association v. Porterfield, 550 So.2d 584 (La. 1989), the Louisiana Supreme Court upheld an attorney's suspension from practicing law pursuant to disciplinary proceedings conducted by the Louisiana State Bar Association after the attorney was convicted of possession of cocaine with intent to distribute, a felony under LSA-R.S. 40:967(A)(1). The Supreme Court analogized its decision to the U.S. Supreme Court's treatment of expunged state convictions in the context of federal firearms laws, Dickerson v. New Banner Institute, 460 U.S. 103, 103 S.Ct. 986 (1983):
 ". . . expunction does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty. Expunction . . . means no more than that the state has provided a means for the trial court not to accord a conviction certain continuing effects under state law." Porterfield, at 587.
 In conclusion, the Louisiana Supreme Court reasoned that the "Bar Association looks only to the historical fact of the conviction. Any later actions which the courts may take (with the exception, of course, of vacating or reversing the conviction on direct appeal) are irrelevant . . . Later actions by the trial judge may go to the issue of mitigation, but they do not change the fact that a conviction has occurred". Id.
Based upon the Porterfield decision, this office in Opinion 95-204 advised the Grant Parish School Board that the board could "consider the convictions of the employees-in-question in their determination of whether to permanently revoke their tenures pursuant to LSA-R.S. 17:443," despite the fact that the convictions were set aside under La.C.Cr.P. art. 893.
Subsequent decisions of the Louisiana Supreme Court have affirmed the Court's reasoning in Porterfield. In In re King, 2009-1560 (La. 1/8/10)33 So.3d 873, 877, the Court held that the fact that respondent's conviction was subsequently set aside under La.C.Cr.P. art. 893 or expunged under La.R.S. 44:9 did not preclude the use of that conviction for bar disciplinary purposes. See also In re Edwards, 99-1825 (La.7/2/99), 747 So.2d 6; and In re Yarno, 98-0442 (La.5/29/98), 713So.2d451. *Page 5 
We also find noteworthy the case of Newchurch v. Lousiana State Boardof Elementary and Secondary Education, 1997-1622 (La. App. 1 Cir. 6/29/98), 713 So. 2d 1269, in which the court upheld a regulation adopted by the Louisiana State Board of Elementary and Secondary Education (BESE), which provided for the revocation, suspension or denial of a teaching certificate for individuals who have been convicted of any felony offense. The felony offense at issue in Newchurch was not one listed in La.R.S. 15:587.1.
Applying the reasoning of the Louisiana Supreme Court in Porterfield, and in accord with the analysis of this office in Opinion 95-204, it is here the opinion of this office that a conviction set aside pursuant to La.C.Cr.P. art. 893 does not remove the historical fact of the conviction for purposes of the application of La.R.S. 17:15. Accordingly, under La.R.S. 17:15, a school teacher convicted of a crime enumerated in La.R.S. 15:587.1 (C) must be dismissed from employment, notwithstanding a dismissal of the conviction under La.C.Cr.P. art. 893.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Lysergic acid diethylamide, or LSD, is a hallucinogenic substance classified as a Schedule I controlled dangerous substance under La.R.S.40:964(C)(18).
[2] La.R.S. 44:9(G) provides: "Expungement" means removal of a record from public access but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies, the Louisiana State Board of Medical Examiners, the Louisiana State Board of Nursing, the Louisiana State Board of Dentistry, the Louisiana State Board of Examiners of Psychologists, the Louisiana State Board of Social Work Examiners, the Emergency Medical Services Certification Commission, the Louisiana Attorney Disciplinary Board, Office of Disciplinary Counsel, the Louisiana Supreme Court Committee on Bar Admissions, or any person or entity requesting a record of all criminal arrests and convictions pursuant to R.S. 15:587.1.
[3] La.R.S. 15:587.1 (C) provides:
C. The provisions of R.S. 15:825.3, R.S. 17:15, R.S. 46:51.2 and 1441.13, and Children's Code Article 424.1 shall govern the employment of persons who have been convicted of, or pled nolo contendere to, any of the following crimes:
(1) R.S. 14:30, R.S. 14:30.1, R.S. 14:31, R.S. 14:41 through R.S. 14:45, R.S. 14:74, R.S. 14:78, R.S. 14:79.1, R.S. 14:80 through R.S. 14:86, R.S. 14:89, R.S. 14:89.1, R.S. 14:92, R.S. 14:93, R.S. 14:93.2.1, R.S.14:93.3, crimes of violence as defined in R.S. 14:2(B), sex offenses as defined in R.S. 15:541, R.S. 14:106, R.S. 14:282, R.S. 14:283.1, R.S.14:284, R.S. 14:286, R.S. 40:966(A), R.S. 40:967(A), R.S. 40:968(A), R.S. 40:969(A), and R.S. 40:970(A) or convictions for attempt or conspiracy to commit any of those offenses.
[4] La.R.S. 17:443 provides, in pertinent part:
A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency, dishonesty, or immorality . . . C. For the purposes of this Section, immorality shall mean any conviction of a felony offense affecting the public morals enumerated in Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.